

**U.S. Department of Justice**

*David J. Freed*
*United States Attorney's Office*
*Middle District of Pennsylvania*

---

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Ronald Reagan Federal Building* | *Herman T. Schneebeli Federal Building* |
| *Suite 311* | *Suite 220* | *Suite 316* |
| *235 N. Washington Avenue* | *228 Walnut Street* | *240 West Third Street* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA  17701-6465* |
| *Scranton, PA  18503* | *Harrisburg, PA  17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2037/348-2830* | *FAX (717) 221-4493/221-2246* | |

*Please respond to:    Harrisburg*

March 11, 2020

**VIA ECF**
The Honorable Malachy E. Mannion
William J. Nealon Federal Building
235 N. Washington Avenue
Scranton, PA 18503

RE:   *U.S. v. Jose Amaya-Aleman*
         Criminal Docket No. 19-cr-171

Dear Judge Mannion:

In response to opposing counsel's March 9, 2020 letter regarding the upcoming sentencing of Mr. Amaya-Aleman, the United States offers the following:  Amaya-Aleman requests that the Court grant him credit for time served in immigration custody prior to his indictment in the instant case.  The United States agrees that ICE took him into custody on April 16, 2019 and he was indicted on May 22, 2019. The period between April 16, 2019 and May 9, 2019 was not due to "authorities contemplating criminal charges." See Doc. 28, Sentencing Letter.  The day ICE placed Mr. Amaya-Aleman in custody, he raised a fear of return to Honduras. ICE referred Mr. Amaya-Aleman to an Asylum Officer for interview and evaluation of that claim. On May 9, 2019, the asylum office issued a negative fear decision and Mr. Amaya-Aleman declined to request further review from an immigration judge.

Pursuant to 18 U.S.C. section 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." The United States Supreme Court has held that power to grant sentencing credit is vested with the Attorney General of the United States which has delegated that authority to the Bureau of Prison, which maintains responsibility for calculating the amount of sentencing credit due a defendant. United States v. Wilson, 503 U.S. 329 (1992); Edwards v. United States, 41 F.3d 154, 156 (3d Cir. 1994).

Honorable Malachy E. Mannion
March 11, 2020
Page 2

      As a result, the Court has no jurisdiction to compute Amaya-Aleman's sentencing credit. United States v. Brann, 990 F.2d 98 (3d Cir. 1993)(district courts do not have jurisdiction to grant credit for prior custody.)
      The Court does however, have discretion to recognize an undischarged term of imprisonment pending in another jurisdiction when fashioning a sentence. United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999). As a result, it would be within the Court's discretion to consider a variance on those grounds. However, in this case, Amaya-Aleman is not seeking credit for pretrial confinement in another jurisdiction, but for immigration detention prior to his indictment. Immigration detention is civil in nature and does not constitute "official detention" as required by 18 U.S.C. section 3585(b). *See* United States v. Lopez, 650 F.3d 952, 965-966 (3d. Cir. 2011). Therefore, the Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis that he spent time in immigration custody prior to his indictment in this case or after release on bail. Further, based upon the nature and circumstances of the offense along with the past history and characteristics of the defendant, any request for a variance should be denied.

      Sincerely,

      DAVID J. FREED
      United States Attorney

      /s/Joanne M. Sanderson
      Joanne M. Sanderson
      Assistant U.S. Attorney